UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.  Case No. 8:09-cr-247-T-23TGW
 8:10-cv-2423-T-23TGW
SEAN BUTLER
_____/

## **O R D E R**

Butler's motion to vacate under 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for possession with the intent to distribute five grams or more of cocaine base, for which offense Butler serves 188 months. Butler alleges that trial counsel rendered ineffective assistance by not objecting when, in violation of the plea agreement, the United States failed to withdraw a Section 851 sentence enhancement. The United States agrees (Doc. 9) that the plea agreement was violated and that Butler is entitled to a new sentencing.[1]

## **FACTS**[2]

On April 16, 2009, a confidential informant working with the Sarasota Police Department purchased approximately nine grams (100 pieces) of crack cocaine from Butler. The telephone calls that established the sale and the transaction were recorded.

---

[1] The granting of this Section 2255 motion to vacate for violation of the plea agreement renders moot Butler's second claim—that trial counsel was ineffective for failing to appeal—and his second motion (Doc. 8) for leave to amend his motion to vacate.

[2] This summary of the facts derives from the plea agreement and the transcript of the sentencing. (Docs. 18 and 37)

The telephone number used for the transaction was the same telephone number Butler had provided to his federal probation officer.[3]

Butler was charged (Doc. 1 in 09-cr-247) with a single count of distributing five grams or more of crack cocaine. The United States filed (Doc. 17) a notice of prior convictions listing two prior drug convictions, specifically a 1997 state conviction for felony trafficking in cocaine and a 2004 federal conviction for conspiracy to possess with the intent to distribute both five grams or more of cocaine and fifty grams or more of crack cocaine. Butler's appointed counsel, Brian Josias, negotiated a very favorable plea agreement in which, despite facing a mandatory minimum sentence of ten years, the United States agreed (1) to a three level reduction, (2) to a low end sentence, and most importantly, (3) if Butler's "substantial assistance" warrants a downward departure, to the withdrawal of the Section 851 enhancement for the prior convictions. Butler represents that, the day before sentencing, his counsel told him that the United States would not withdraw the Section 851 enhancement and for Butler to "not make waves, because they could give me more time and also take away my 3-levels of reduction 5K1.1." (Supporting Memorandum, Doc. 1 at 3) Butler's sentence was determined based on the three level reduction, a low end sentence, and his substantial assistance. Although defense counsel extensively argued at sentencing (Doc. 37 at 12-25) that the career offender enhancement was both excessive and over-represents Butler's criminal history, neither defense counsel nor the United States moved to withdraw the Section

---

[3] Butler was serving five years of supervised release when he committed this offense.

- 2 -

851 enhancement and neither party alerted the court to this provision in the plea agreement.

## **DISCUSSION**

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). "Whether the government violated the agreement is judged according to the defendant's reasonable understanding at the time he entered his plea." United states v. Boatner, 966 F.2d 1575, 1578 (11th Cir. 1992). Butler reasonably understood that the United States would withdraw the Section 851 enhancement if he fulfilled each obligation in the plea agreement. Butler fulfilled his obligations and received each benefit for which he had bargained except the withdrawal of the Section 851 enhancement.

When the government breaches a plea agreement, the remedy is to either order specific performance—that is, re-sentence the defendant under the terms of the plea agreement—or allow the defendant to withdraw his plea. United States v. Tobon-Hernandez, 845 F.2d 277, 280-81 (11th Cir. 1988), citing Santobello v. New York, 404 U.S. 257, 263 (1971). Because he complains about neither the voluntariness of the plea nor the plea agreement, withdraw of Butler's plea is unnecessary. See United States v. Shannahan, 135 Fed. App'x 253, 256 (11th Cir. 2005). Instead, specific enforcement of the terms of the plea agreement is both the appropriate remedy and the remedy Butler seeks.

A defendant has the right to both the presence of counsel and the effective assistance of that counsel. "An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair. For that reason,"the right to counsel is the right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 697 (1984), quoting McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). To prove ineffective assistance of counsel, Strickland requires proof of both deficient performance and consequent prejudice. Without explicitly admitting that Butler was denied the effective assistance of counsel, the United States "agrees that Butler should be resentenced." Response at 1 (Doc. 9) The record supports both Butler's argument and the United States' concession.

Accordingly, the motion to vacate under 28 U.S.C. § 2255 (Doc. 1) is **GRANTED**. The second motion (Doc. 8) for leave to amend the Section 2255 motion to vacate is **DENIED** as moot. The clerk shall enter a judgment for Butler and close this case.

ORDERED in Tampa, Florida, on October 27, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE